# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

Nº 23-CV-6299 (RER) (MMH)

———————————————

GREGORY MILES

VERSUS

CAPT. SANDS, #1808, AND MR. G, SOCIAL SERVICES

———————————————

**MEMORANDUM & ORDER**

March 7, 2024

———————————————

**RAMÓN E. REYES, JR., U.S.D.J.:**

After carefully reviewing the record, and for the reasons set forth herein, the Court dismisses Plaintiff's case for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## <u>BACKGROUND</u>

Plaintiff Gregory Miles filed the above-captioned *pro se* civil rights action related to his confinement at Rikers Island. (ECF No. 1). Plaintiff subsequently filed two amended complaints expanding upon his claims. (ECF No. 8; ECF No. 9). By Order entered December 20, 2023, the Court directed Plaintiff to Show Cause as to why the action should not be dismissed for failure to state a claim. (ECF Order Dated 12/20/23). Following reassignment, the Court received a letter from Plaintiff in response to the Court's December 20, 2023 Order to Show Cause. (ECF Nos. 11, 12).

Plaintiff describes requesting funds be withdrawn from his prison trust account to pay his storage fees at Storage Mart. (ECF No. 12 at 1). Plaintiff claims that the fees were paid late, thus incurring late fees, so that insufficient funds were available to pay

for a second month. (*Id.*) The fees are now in arrears and his stored property and Plaintiff expresses concern that his items will be auctioned off. (*Id.* at 3). Plaintiff included a copy of his prison trust account balance which indicates a withdrawal was made on October 4, 2023, in the amount of $232, resulting in a balance of 35 cents. (*Id.* at 4). The statement also indicates a value of $57.31 in "Unpaid Restitutions." (*Id.*). Plaintiff has not indicated whether he has received any additional funds or has made any other arrangements to do so. (*Id.*).

## DISCUSSION

In light of Plaintiff's *pro se* status, the Court construes the letter received at ECF No. 12 as Plaintiff's third amended complaint. *See Mendoza v. Edge*, 615 F. Supp. 3d 163, 166–67 (E.D.N.Y. 2022). In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (The court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Fourteenth Amendment protects individuals from the deprivation of property where a plaintiff shows either: (1) that an "established state procedure" deprived him of property "without according him proper procedural safeguards," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); or (2) that "random and unauthorized conduct" of

a state employee resulted in the intentional deprivation of property and that "a meaningful postdeprivation [state] remedy for the loss [was not] available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

The Court previously found Plaintiff's allegations failed to state a claim for deprivation property that "is plausible on its face" because Plaintiff did not claim any deprivation of property resulted from the prison officials' acts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's response only shows that a delay in payment of a storage facility caused him to incur late fees, thereby putting his belongings at risk of auction. (ECF No. 12). However, Plaintiff has not alleged that he has or had the funds available to pay the fees, or that any prison employee unreasonably refused to send available funds to the storage facility prior to the fee accrual in a "random act" that New York state could not remedy. *See Drew v. City of New York*, No. 16 CIV. 0594 (AJP), 2016 WL 4533660, at *9 (S.D.N.Y. Aug. 29, 2016) (explaining that the Second Circuit has applied *Hudson* to find that New York State courts provide ample civil remedies for the random deprivation of property, and therefore such an allegation cannot support a § 1983 claim in New York) (citations omitted). Plaintiff also has not alleged that government officials deprived him of any property or had a duty to send funds to pay his storage fees at any particular time due to an "established state procedure." *See Polanco v. Rikers Island Anna M. Kross Correction*, No. 14-CV-2063 (RRM) (RLM), 2014 WL 3015194, at *2 (E.D.N.Y. July 3, 2014) (dismissing a complaint where there was an "established state procedure in place" but a plaintiff failed to plead any attempts at taking advantage of those procedures). Therefore, the Court is unable to provide relief because Plaintiff fails to state a claim upon which relief can be granted.

## **CONCLUSION**

Accordingly, this action related to Plaintiff's prison trust account is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Plaintiff's claims relating the conditions of his confinement are proceeding separately under Case No. 23-CV-5490. The Clerk of Court is directed to enter judgment in Docket No. 23-CV-6299, mail a copy of this Order and the Judgment to Plaintiff, and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 7, 2024
Brooklyn, NY

4